UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10736-JGB (KS)                                                          Date: December 7, 2020

Title     _Alonzo McKinney v. G. Newsom_

Present: The Honorable:     Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On November 23, 2020, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  On December 6, 2020, the matter was transferred to United States District Judge Jesus G. Bernal and United States Magistrate Judge Karen L. Stevenson.  (Dkt. No. 3.)  In a related case, *People v. McKinney*, No. B280346, 2017 Cal. App. Unpub. LEXIS 7756 (Nov. 13, 2017), the California Court of Appeal provided the following explanation for Petitioner's current imprisonment.

> In *People v. McKinney* (Dec. 1, 1998, B115835) [nonpub. opn.]), we affirmed [Petitioner's] conviction in the current case of assault with a deadly weapon or force likely to produce great bodily injury upon a peace officer, Robert Staggs, in violation of Penal Code section 245, subdivision (c) (count 1), and resisting an executive officer, Robert Staggs, in violation of section 69 (count 2).  Based on [Petitioner's] prior serious felony convictions for robbery in May 1986[1] and September 1988,[2] the superior court imposed a Three Strikes sentence of 25 years to life.  (§§ 211; 667, subd. (b)-(i); 1170.12, subds. (a)-(d).)  [Petitioner] is presently serving that sentence.

*People v. McKinney*, 2017 Cal. App. Unpub. LEXIS 7756, at *1.

It is unclear from the face of the Petition which conviction Petitioner is challenging:  his conviction for the assault on Robert Staggs; or either of his two prior felony convictions for

---

[1]   Los Angeles County Superior Court case No. A775937 (footnote in original)
[2]   Los Angeles County Superior Court case No. A972586 (footnote in original)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10736-JGB (KS)                                    Date: December 7, 2020

Title      *Alonzo McKinney v. G. Newsom*

robbery.  However, Petitioner has filed more than a dozen prior habeas petitions in this district, including:  *Alonzo McKinney v. G. Newson*, 2:19-cv-04059-JGB-KS (Jun. 14, 2019), *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM (Jul. 2, 2018), *Alonzo McKinney v. G. Smith*, 2:17-cv-02578-JAK-FFM (Dec. 1, 2017), *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB (Mar. 24, 2014),  *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB (Jul. 6, 2013), *Alonzo McKinney v. People of the State of California*, 1:10-cv-01932-GAF-FMO (Apr. 8, 2010), *Alonzo McKinney v. A.K. Scribner*, 2:05-cv-00659-SJO-FMO (Feb. 7, 2005), *Alonzo McKinney v. D.D. Ortiz et al*, 2:04-cv-03614-GAF-FMO (Jun. 9, 2004), *Alonzo McKinney v. United States of America*, 2:04-cv-09221-RMT-FMO (Dec. 16, 2004), *Alonzo McKinney v. Lancaster State*, 2:00-cv-12831-RMT-EE (Apr. 20, 2001), *Alonzo McKinney v. Ernie Roe et al*, 2:01-cv-01008-RMT-EE (Jul. 5, 2001), *Alonzo McKinney v. High Desert State Prison et al*, 2:99-cv-03331-JGB-KS (Mar. 22, 2001), *Alonso McKinney v. Lennox et al*,  2:00-cv-00492-JGB-KS (Nov. 8, 2000).  These prior habeas petitions include a December 7, 2000 petition, which attacked Petitioner's 1986 conviction for robbery and was dismissed with prejudice on statute of limitations grounds, *see Alonzo McKinney v. Lancaster State Prison*, 2:00-cv-12831-RMT-EE (Dkt. Nos. 14-16), and a March 30, 1999 petition, which attacked Petitioner's conviction for the assault on Robert Staggs and the resulting sentence of 25 years to life and was dismissed with prejudice on the merits, *Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS (Dkt. No. 1, 36-38).  For the following reasons, the Court orders Petitioner to show cause, no later than December 21, 2020, why the Petition should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**DISCUSSION**

**I.    Habeas Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  To the contrary, a habeas court must give a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10736-JGB (KS)                                              Date: December 7, 2020

Title   *Alonzo McKinney v. G. Newsom*

petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

### II.   The Petition Does Not Satisfy The Demanding Pleading Standard of Habeas Rule 2

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2(c) imposes a "more demanding" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Although the court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011); *see e.g.*, *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

The Petition violates Rule 2. It is impossible to determine from the face of the Petition what judgment, conviction, and/or sentence Petitioner is attacking, the court that issued the judgment, conviction, and/or sentence at issue, and the nature and substance of Petitioner's claims for habeas relief. The Petition is a jumble of typed pages from prior cases, often with text crossed out and handwritten notes in the margins. In the margin of the title page, for example, Petitioner has written: "Request for counsel or Volunteer Counsel 3006(A) Coronavirus 19 Exigent Circumstances Or, Torrance Innocence Project, a letter from Clerk of Court to send request. Minute Order Attached." (Petition at 1) (errors in original). The attachments to the Petition—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10736-JGB (KS)                                       Date: December 7, 2020

Title      *Alonzo McKinney v. G. Newsom*

namely, a September 23, 2020 California Court of Appeal Order in Case No. B307404, a September 9, 2020 California Supreme Court in Case No. S263990, one page of the Los Angeles County Superior Court's "Notice of Results of Administrative Hearing Terminating Defendant's In Custody Pro Per Privileges for Cause" in Case No. YA028277, and an August 20, 2020 California Court of Appeal Order in Case No. B306442—provide no additional clarity about the substance of Petitioner's grievances.

In sum, the Court cannot discern the nature of Petitioner's claims or the conviction, sentence, or other judicial action that Petitioner is challenging, and, as a result, the Court cannot determine whether it has jurisdiction to the consider the Petition. The Petition also fails to explain how the fact or duration of Petitioner's custody violates the U.S. Constitution, and, to the extent that Petitioner is claiming that his sentence or conviction violates state law (S.B. 1393), his claim is not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted). Even construed liberally, Petitioner's allegations are too vague to point to "a real possibility of constitutional error." *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491. Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

**III.    The Petition Appears to Be Second and Successive**

The Petition is not rendered less defective if the Court assumes that he is challenging his 1986 conviction for robbery or his conviction for the assault on Robert Staggs, which resulted in a sentence of 25-years to life in state prison. As noted above, Petitioner previously challenged both of these convictions and sentences in federal habeas petitions filed in this Court. *See, e.g.*, *Alonzo McKinney v. Lancaster State Prison*, 2:00-cv-12831-RMT-EE (Dkt. Nos. 14-16); *Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS (Dkt. No. 1, 36-38) (collectively, the "Prior Petitions").

State habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10736-JGB (KS)                                                                          Date: December 7, 2020

Title      *Alonzo McKinney v. G. Newsom*

second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

The Court dismissed the Prior Petitions with prejudice. Accordingly, to the extent that Petitioner is now challenging either—or both—of the convictions and/or sentences at issue in those cases, the current Petition is second or successive within the meaning of § 2244(b). Furthermore, Petitioner has not alleged, and a search of court records does not indicate, that Petitioner received leave from the Ninth Circuit to bring a second or successive § 2254 petition. Because the attachments to the Petition suggest that the Petition is an unauthorized second or successive § 2254 petition, it appears that the Petition must be dismissed because the Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

**ORDER TO SHOW CAUSE**

**Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE no later than December 21, 2020, why the Petition should not be dismissed for violating Habeas Rule 2 and for constituting an unauthorized second or successive petition.** To discharge this Order and proceed with this action, Petitioner shall file, no later than the December 21, 2020 deadline, a First Amended Petition that does all of the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10736-JGB (KS)                                         Date: December 7, 2020

Title    *Alonzo McKinney v. G. Newsom*

(1) <u>Either</u> explains why the Petition does not satisfy the definition of a second or successive petition <u>or</u> demonstrates that the Ninth Circuit has authorized Petitioner to file this second or successive petition;

(2) Clearly identifies the conviction or other judicial action being challenged, including the date of the conviction (or other judicial action) and the court and year in which it occurred; <u>and</u>

(3) Explains how the conviction or other judicial action being attacked violates the Constitution or the laws of the United States. Petitioner is reminded that, without more, it is not sufficient to simply cite to a constitutional amendment. Instead, "[i]t is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4. Petitioner is also reminded that federal habeas corpus relief is not available to remedy errors of state law, and the Court is limited to deciding whether Petitioner's sentence or conviction violated the Constitution, laws, or treaties of the United States. *See Estelle*, 502 U.S. at 67-68.

Further, in filing a First Amended Petition, Petitioner is strongly encouraged to use the Central District's form habeas petition, and the Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**Finally, Petitioner is expressly warned that his failure to timely comply with this Order and file a First Amended Petition that shows cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**IT IS SO ORDERED**.

:

**Initials of Preparer**          gr